### IN THE US DISTRICT COURT
### OF THE NORTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DOW R. HUFFMAN | ) | Case No. 4:23-CV-43 BYP |
|  | ) |  |
| Plaintiff | ) | Judge Benita Y. Pearson |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| NORTHEAST OHIO CORRECTIONAL | ) |  |
| CENTER ("NEOCC"), et al | ) | **_SECOND AMENDED COMPLAINT_** |
|  | ) |  |
| and | ) |  |
|  | ) |  |
| JOHN DOE | ) |  |
| (Identity and address presently undetermined) | ) |  |
|  | ) |  |
| Defendants | ) |  |

### _First Claim_
#### _(Negligence)_

1. At all times relevant, Plaintiff was a prisoner in and under Defendant CoreCivic Inc.'s care, custody and control in Liberty Township, Trumbull County, Ohio.

2. At all times relevant, Plaintiff has been and remains a paraplegic confined to a wheelchair in the prison setting.

3. At all times relevant, Plaintiff's condition has been and remains such that his wheelchair must be equipped with a Roho cushion or other apparatus designed to prevent the formation of wheelchair bed sores.

4. Shortly before 3/19/20, Plaintiff's wheelchair's cushion failed and he requested a substitute cushion for the purpose stated.

5. From 3/19/20 through 9/12/20, at all times acting within the scope of his employment in concert with other of CoreCivic Inc.'s corrections personnel, Defendant, John Doe, negligently

failed to provide Plaintiff with that substitute cushion.

6.      As a direct and proximate result of that failure, Plaintiff's medical condition worsened to creation of bedsores on his buttocks; to a growing and hardening "knot" in that region; to a festering, bursting and ulcerated open wound thereon.

7.      As a further direct and proximate result of that failure, Plaintiff incurred and, into the indefinite future, expects to incur hospital and related medical expenses; experienced and, into the indefinite future, expects to experience attendant pain, suffering and discomfiture; and endures an injury that is now permanent in nature.

### *Second Claim*
### *(42 USC§1983)*

1.      Plaintiff realleges and, by reference, herein incorporates the allegations heretofore contained in ¶¶1-4, 6 and 7 of his First Claim.

2.      From 3/19/20 through 9/12/20, under color of state law, Defendant, John Doe, maliciously refused to provide Plaintiff with that substitute cushion.

3.      Defendant Doe is sued in his individual capacity.

4.      At all times relevant, Defendant Doe's stated refusal constituted a deliberate indifference to Plaintiff's serious medical needs, an unnecessary and wanton infliction of pain in violation of the US Constitution's Eighth Amendment made applicable to the States through its Fourteenth Amendment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of the sum of *Twenty-Five Thousand Dollars* ($25,000.00) in compensatory damages; for punitive damages in an amount in excess of the sum of *One Million Dollars (*$1,000,000.00); for an award of attorney fees under 42 USC§1988; interest as provided

2

by law; and costs.

Plaintiff further demands a trial by jury on the issues joined.

GUARNIERI & SECREST, P.L.L.


/s/Michael D. Rossi
MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio  44482
Telephone: (330) 393-1584
Facsimile:  (330) 395-3831
E-mail: mrossi@gsfirm.com
Attorney for Plaintiff

3