Approved.
/s/ *Benita Y. Pearson* on 5/8/2023
United States District Judge

*IN THE UNITED STATES DISTRICT COURT*
*OF THE NORTHERN DISTRICT*
*EASTERN DIVISION*

| | | |
|---|---|---|
| DOW R. HUFFMAN | ) | Case No. 4:23-CV-43 BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | ***STIPULATION REGARDING*** |
| | ) | ***INADVERTENT DISCLOSURE OF*** |
| | ) | ***ATTORNEY-CLIENT PRIVILEGE,*** |
| NORTHEAST OHIO CORRECTIONAL | ) | ***WORK PRODUCT PROTECTION OR*** |
| CENTER, et al | ) | ***OTHER APPLICABLE PRIVILEGE*** |
| | ) | |
| Defendants | ) | |

**IT IS HEREBY STIPULATED** to, between the parties, through their respective counsel, as follows:

i.      Any inadvertent disclosure or production of documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege will not constitute a waiver of either any available privilege or protection by the disclosing party.

ii.      In the event that the receiving party discovers that it has received documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the producing party immediately upon discovery.

iii.      In the event that the producing party discovers that it has produced documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the receiving party immediately upon discovery.

iv.      Upon request of the producing party, the receiving party will promptly return to the producing party any documents protected by the party's attorney-client privilege, work production protection or other applicable privilege and any copies that the receiving party's

attorney-client privilege, work product protection or other applicable privilege and any copies that the receiving party may have made.

v.      Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the documents protected by the party's attorney-client privilege, work product protection or other applicable privilege.

vi.      No such inadvertently produced documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege may be used in evidence against the producing party.

vii.      Attorney-client privilege and work product protection shall have the meanings provided in FRE 502(g)(1) and (2).

**Stipulated by:**

/s/Michael D. Rossi                                 /s/Timothy J. Bojanowski
MICHAEL D. ROSSI                               TIMOTHY J. BOJANOWSKI
Counsel for Plaintiff                              Counsel for Defendants