PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOW R. HUFFMAN, | ) | CASE NO.  4:23CV43 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | CASE MANAGEMENT |
| | ) | CONFERENCE ORDER |
| NORTHEAST OHIO CORRECTIONAL, | ) | |
| CENTER, *et al.*, | ) | |
| | ) | CASE MANAGEMENT PLAN |
| Defendants. | ) | LR 16.1(b)(4) |

1.  A Case Management Conference was conducted on May 31, 2023.                      .

2.  The following parties were present:

> A.  Plaintiff: Dow R. Huffman, Pickaway Correctional Institution Case Manager
>
> Miracle Thurman
>
> B.  Defendant: Defendants' representative Margaret Smith

3.  The following attorneys were present:

> A.  Plaintiff's counsel: Michael D. Rossi
>
> B.   Defendant's counsel: Timothy J. Bojanowski

4.  A Discovery Plan was filed on May 8, 2023.

-1-

(4:23CV43)

## REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS

In order to effectively use the electronic filing system and retrieve documents from the electronic filing system, users, including members of the public, must have a PACER (Public Access to Court Electronic Records) account.  NextGen CM/ECF registration for e-filing and notification is required in the Northern District of Ohio unless otherwise ordered by the Court. Register online at https://www.pacer.gov/; and the registration form can be completed at: https://pacer.psc.uscourts.gov/pscof/registration.jsf

NextGen CM/ECF Registration for the Northern District of Ohio is located on the Court's web site at:  https://www.ohnd.uscourts.gov/electronic-filing-registration

Once registration is completed and approved by the Court, the party will be notified via email that filing privileges have been granted.  The user's login and password required to submit documents to the electronic filing system serve as the user's signature on all electronic documents filed with the Court.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

## RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)

5.  After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.


6.  This case is not suitable for Alternative Dispute Resolution (ADR) at this time and the parties are engaging in settlement discussions.


7.  The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

-2-

(4:23CV43)

8.  There are no case-specific rulings as to the type and extent of discovery.  Parties are to follow the limits established by the Local and Federal civil rules.

9.  The parties have agreed to follow the default standard for discovery of electronically stored information (Appendix K to N.D. Ohio Local Rules).

10.  Discovery shall be completed on or before August 31, 2023.   Expert reports on which a party bears the burden of proof are due on or before July 17, 2023.  Response reports shall be completed no later than August 16, 2023.

11.  Counsel shall comply with LR 37.1, which outlines a process for resolution of discovery disputes—steps that must be taken in advance of a party's filing of a discovery motion. The first step requires the parties to make a sincere, good faith effort to resolve the dispute. Next, if the parties' sincere, good faith efforts have failed to resolve the dispute, the Court should be given informal notice, along with a certification of the effort made.  This notice can be made by letter or a telephone call to chambers with both sides' counsel on the line.  The Court may then choose to hold a telephonic conference or take other steps to resolve the dispute.  If the Court is unable to resolve the dispute, the Court may authorize the filing of a discovery motion. LR 37.1.  A discovery motion should only be filed *after* having been solicited by the Court.

12.  The parties have reached an agreement regarding the handling of disclosed privileged material.  *See* Fed. R. Civ. P. 16(b)(3)(B)(iv).

13.  Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any

-3-

(4:23CV43)

other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

14. The cutoff to amend pleadings and add parties is May 31, 2023. Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). The cutoff date, however, is merely a time limitation—not a blanket leave. A party must still demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

15. Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel. Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is September 30, 2023. Responses shall be filed by October 30, 2023 (*See* LR 7.1(d)) and Replies by November 13, 2023 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations shall be filed with the Court on or before September 30, 2023. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

-4-

(4:23CV43)

16. A Status Conference will be held on August 23, 2023, at 9:30 a.m.  The conference will be conducted *via* telephone unless circumstances require otherwise.  Attorney Michael D. Rossi is to set up the conference call by joining the other participants and calling the Court at (330) 884-7435.  Parties' attendance is welcome, but not mandatory.  Counsel should notify the Court in advance of a Status Conference if the matter has settled.

17. **Protective orders:**  The parties shall file a proposed Stipulated Protective Order on or before June 14, 2023.  A form protective order is attached as Appendix L to the Local Rules. Any proposed order will be rejected by the Court unless it provides that, where materials designated "confidential" are used in support of or in opposition to a motion, the party so using the material shall file the document under seal.  *See* Electronic Filing Policies and Procedures Manual at ¶¶ 19 and 24.  Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible.  The proposed order shall also provide that the parties agree to be bound by its terms prior and subsequent to entry by the Court.  An agreed protective order which complies with the above will be approved, but with the understanding that, in the event this case should go to trial, no materials used in open court shall be entitled to the continuing designation of "confidential."

If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

18. Counsel shall comply with LR 5.2.  See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

19.  Additional Rulings Regarding Motions – LR 7.1(b)-(j) (12/09):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions.  *See* LR 7.1(f).  Motions for relief from the length restrictions must show good cause

(4:23CV43)

for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply. No sur-replies will be permitted absent advance leave of Court.

IT IS SO ORDERED.

 May 31, 2023                                        /s/ Benita Y. Pearson
Date                                                Benita Y. Pearson
                                                   United States District Judge

-6-